## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BROOKE REYNOLDS, | : | CIVIL ACTION NO. _____ |
| Plaintiff, | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| KEYSTONE LANDFILL, INC., | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Brooke Reynolds ("Plaintiff"), hereby files this Complaint against Defendant Keystone Landfill, Inc. ("Defendant") and alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this Complaint contending that Defendant has improperly failed to pay her overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.,* and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*

2.      Plaintiff was hired by Defendant on February 27, 2012 and is currently employed by Defendant as an Air Quality Manager.  Although Plaintiff regularly works in excess of forty (40) hours per week, she is not properly compensated for her work in that she is not paid an overtime premium calculated at 1.5 times her regular rate of pay for each hour worked in excess of forty (40) hours in a workweek as required by the FLSA and PMWA.

3.      Plaintiff brings this action under the FLSA, PMWA and WPCL for monetary damages to seek redress for Defendant's willful, unlawful and improper conduct.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

6.      This action is authorized and initiated pursuant to the FLSA.

7.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it is an action arising under the laws of the United States.

8.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

9.      Plaintiff Brooke Reynolds currently resides at 907 Fairview Street, Peckville, PA 18452.

10.     Defendant Keystone Landfill, Inc. is a business entity duly organized and existing under the laws of the Commonwealth of Pennsylvania and is registered and licensed to engage in business, and is engaged in business, in the Middle District of Pennsylvania with a registered business address of 118 Bush Street, Dunmore, PA 18510.

11.     Defendant is a "private employer" and covered by the FLSA.

2

12.     At all times relevant hereto, Plaintiff has been employed by Defendant and is entitled to the protections of the FLSA/PMWA.

13.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

### FACTS RELEVANT TO PLAINTIFF'S
### CLAIMS UNDER THE FLSA, PMWA, AND WPCL

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     Upon information and belief, Defendant owns and operates a 714-acre landfill located at 249 Dunham Drive, Dunmore, PA 18512 (the "Landfill").

16.     Despite the fact that Plaintiff routinely work in excess of forty (40) hours per week, Defendant compensates Plaintiff with a base annual salary and does not compensate Plaintiff at 1.5 times her regular rate of pay for work performed in excess of forty (40) hours in a workweek.

17.     In other words, Defendant has misclassified Plaintiff as being exempt from the provisions of the FLSA/PMWA.  However, Plaintiff is not exempt from overtime within the meaning of the FLSA/PMWA.

18.     Plaintiff does not have the authority to hire, fire or discipline other employees of Defendant.  Further, Plaintiff does not directly supervise the work of any other employees of Defendant.

19.     Accordingly, Plaintiff does not qualify for the exemption for executive employees under the FLSA/PMWA.

20.     Plaintiff does not exercise discretion or independent judgment regarding matters of significance to Defendant.  Plaintiff is not responsible for setting budgets, designing programs, or

negotiating contracts on behalf of Defendant.   Rather, Plaintiff's primary job duty is to monitor the content and quality of the airspace in and around the Landfill (the "Landfill Airspace").

21.     In this regard, Defendant hires subcontractors to compile raw data regarding the chemical makeup of the Landfill Airspace ("Raw Air Quality Data").   Pursuant to Defendant's policies and procedures, the Raw Air Quality Data is formatted by a third party contractor into a form that can be reviewed and understood by Plaintiff ("Revised Air Quality Data").   Plaintiff is responsible for reviewing the Revised Air Quality Data to ensure that the chemical makeup of the Landfill Airspace complies with applicable laws and regulations.

22.     Specifically, Plaintiff uses the Revised Air Quality Data to generate reports regarding the quality of the Landfill Airspace.   In generating said reports, Plaintiff uses pre-established templates designed by Defendant.   Significantly, Plaintiff has no authority to deviate from Defendant's pre-established templates for generating such reports and does not engage in any significant decision making in connection thereto.

23.     In sum, Plaintiff's primary job responsibility is to simply review the Revised Air Quality Data that is given to her and complete Defendant's reporting forms.

24.     Plaintiff is further responsible for coordinating quarterly surface scans.   Plaintiff does not perform the scans herself or identify which wells/areas are problematic.   Rather, Plaintiff simply informs third party contractors of the specific wells that need to be surveyed.

25.     A third, and relatively minor job duty of Plaintiff, is to perform surveys on vehicles with radiation warnings.   In carrying out this responsibility, Plaintiff follows a pre-established survey plan ("Survey Plans").   Significantly, Plaintiff does not have any authority to deviate from the Survey Plans and is not responsible for making any significant decisions in connection therewith.

26.     As a result of Plaintiff's lack of decision making authority and routine job duties, Plaintiff is not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

27.     The performance of Plaintiff's job duties does not require an advanced degree or any prolonged course of academic training or instruction.

28.     Accordingly, Plaintiff is not exempt from overtime compensation pursuant to the exemption for learned or creative professionals.

29.     Finally, there are no other exemptions under the FSLA and/or PMWA which could arguably be applicable to Plaintiff.

30.     Plaintiff is, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant and is therefore entitled to overtime compensation for the hours she worked over forty (40) in a workweek.

31.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARD ACT
## 29 U.S.C. § 201, et seq.
## FAILURE TO PAY OVERTIME COMPENSATION

32.     Paragraphs 1 through 31 are hereby incorporated by reference as though the same were fully set forth at length herein.

33.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

34.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per workweek.

35.     According to the policies and practices of Defendant, Plaintiff worked in excess of forty (40) hours per week.  Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA.  Defendant failed to pay Plaintiff at a rate of at least 1.5 times her regular rate of pay for each hour that she worked in excess of forty (40) hours in a workweek.

36.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

37.     Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

38.     Defendant is liable to Plaintiff for actual damages, liquidated damages and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime pay to Plaintiff for work performed in excess of forty (40) hours per week;

C.      Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

D.      Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.      Awarding pre and post-judgment interest and court costs as further allowed by

law;

G.    For all additional general and equitable relief to which Plaintiff may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333 *et seq.*

39.    Paragraphs 1 through 38 are hereby incorporated by reference as though the same were fully set forth at length herein.

40.    The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

41.    The Pennsylvania Minimum Wage Act further provides that "employees shall be paid overtime of not less than 1.5 times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

42.    By its actions alleged above, Defendant has violated the provisions of the PMWA by failing to properly pay overtime compensation.

43.    As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the PMWA.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A.    An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B.    An award to Plaintiff of reasonable attorney's fees and costs pursuant to the PMWA; and

C.    An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

### COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 Pa. Con. Stat. § 260.1 *et seq.*

44.     Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

45.     By its actions alleged above, Defendant has violated the provisions of the WPCL by failing to pay certain wages and benefits earned, due and owing to Plaintiff pursuant to Defendant's policies, practices and agreements with Plaintiff.

46.     Plaintiff is entitled to compensation for hours of work which she performed for Defendant and for which she was not properly compensated.

47.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, and liquidated damages, together with costs and attorney's fees pursuant to the WPCL.

**WHEREFORE**, Plaintiff, prays for judgment against Defendant as follows:

A.      An award to Plaintiff for the amount of unpaid compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B.      An award to Plaintiff of liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages and benefits due pursuant to the Wage Payment and Collection Law, 43 P.S. §260.10;

C.      An award to Plaintiff of reasonable attorney's fees and costs pursuant to the WPCL; and

D.      An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, including general and special damages according to proof, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____

Michael Murphy, Esquire
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054/215-375-0961
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated:   August 16, 2016

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to the same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.